# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOBY WADE, | 1:09-cv-01660 AWI DLB (HC) |
|             Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| | [Doc. 11] |
| J. HASLEY, | |
|             Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on September 18, 2009. (Court Doc. 1.) On November 19, 2009, Respondent filed a motion to dismiss, and Petitioner filed an opposition on December 21, 2009. (Court Docs. 11, 12.) Respondent filed a reply on December 30, 2009. (Court Doc. 13.)

Petitioner is incarcerated at Avenal State Prison serving a sentence of 15 years to life for a 1993 conviction for second degree murder. In the petition before the Court, Petitioner claims the Board of Parole Hearings violated his state and federal due process rights by denying him an opportunity to be present at an April 23, 2008 status hearing, when the parole hearing was postponed for the purpose of conducting a psychological examination.

## DISCUSSION

A.  Procedural Grounds for Summary Dismissal

1

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.   Mootness

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70, 104 S.Ct. 373, 374-75 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971) per curiam, quoting Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464 (1937).

In this case, Respondent contends the petition should be dismissed as moot because Petitioner has already been provided a parole consideration hearing. Respondent's argument is persuasive. On November 21, 2008, Petitioner appeared before the parole board for a subsequent hearing. As the petition takes issue with the timeliness of the parole hearing, and Petitioner has now been granted his hearing, he has already been granted the only relief available. The petition should therefore be dismissed.

C.   Failure to State a Cognizable Claim

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241

of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

The essence of Petitioner's complaints involve the interpretation and application of state law and regulations. Generally, issues of state law are not cognizable on federal habeas. Estelle v. McGuire, 502 U.S. 62, 67, (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' "), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"); Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989) (Federal courts are bound by state court rulings on questions of state law.). Although Petitioner couches his claims as one based on a violation of the Constitution, his broad assertion does not transform them into federal ones. Merely placing a "due process" label on an alleged violation does not entitle Petitioner to federal relief. Langford v. Day, 110 F.3d 1386, 1388-89 (1996). The instant claims are predicated on the application of state law and regulations regarding the manner in which the parole board conducts parole hearings, and Petitioner has not demonstrated a violation of the Constitution or that the state court decision was contrary to, or an unreasonable application of, Supreme Court precedent. In addition, Petitioner fails to cite any United States Supreme Court authority standing for the proposition that prison officials may not

postpone parole hearings for valid reasons or that inmates must be physically present at status hearings where there is no discussion of the merits of the parole suitability. 28 U.S.C. § 2254(d)(1).

Moreover, contrary to Petitioner's claim, "due process does not include receiving a parole hearing in exact accordance with the specific time period required by [state regulations.]" Johnson v. Paparozzi, 219 F.Supp.2d 635, 652 (D.N.J. 2002). The denial of a timely parole proceeding is not a per se violation of due process. Jefferson v. Hart, 84 F.3d 1314, 1316-1317 (10th Cir. 1996). To show a due process violation from a delayed hearing, a prisoner must show prejudice from the delay. See Camacho v. White, 918 F.2d 74, 78-80 (9th Cir. 1990). In this case, Petitioner cannot demonstrate prejudice resulting from any delay because he was denied parole at the delayed hearing. Therefore, Petitioner has failed to show a violation of his due process rights.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss the petition be GRANTED and the petition be DISMISSED with prejudice.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 4, 2010**          **/s/ Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE